IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JIMMY W. EATON; and ROBIN D. )
EATON )
) No. 3-11-0783
v. )
)
SOUTHERN SPORTS MEDICINE )
INSTITUTE, PLLC; THOMAS L. )
GAUTSCH, M.D.; SUMNER )
MEDICAL CENTER, PLLC; )
WILLIAM T. FAITH, M.D.; )
SUMNER REGIONAL MEDICAL )
CENTER, LLC d/b/a Sumner Regional )
Medical Center; SRHS )
BANKRUPTCY, INC. d/b/a Sumner )
Regional Medical Center; )
WALGREENS-OPTION CARE, INC. )
d/b/a Walgreen Infusion Pharmacy; )
and WALGREEN CO.[1] )

O R D E R

In accord with the order entered June 9, 2014 (Docket Entry No. 272), a case management conference was held on June 20, 2014, at which time the following matters were addressed:

1. It is expected that the plaintiff will complete treatment in July. Plaintiffs' counsel shall forward all recent medical records to defendants' counsel as soon as possible after he has completed treatment.

2. All additional discovery, including the re-deposition of the plaintiff on his most recent medical treatment, the deposition of the treating physician at St. Thomas who took his recent history, and perhaps the deposition of the surgeon who performed the recent surgery, shall be completed by September 30, 2014.

---

[1] By stipulation filed August 6, 2012 (Docket Entry No. 51), and order entered August 9, 2012 (Docket Entry No. 52), the plaintiffs' claims against defendant Sumner Regional Medical Center, LLC d/b/a Sumner Regional Medical Center were dismissed. By order entered March 12, 2014 (Docket Entry No. 205), the plaintiffs' claims against defendants Walgreen Co. and Walgreens-Option Care, Inc. d/b/a Walgreen Infusion Pharmacy were dismissed. By order entered March 18, 2014 (Docket Entry No. 208), the plaintiffs' claims against SRHS Bankruptcy, Inc. d/b/a Sumner Regional Medical Center were dismissed.

3. The defendants shall have until October 31, 2014, to serve supplemental expert disclosures as a result of the plaintiff's recent treatment.

4. The plaintiff shall have until December 1, 2014, to serve supplemental rebuttal expert disclosures.

5. Any responses to all outstanding motions in limine (Docket Entry Nos. 229-242, 244-250, 253-268, and 270) shall be filed by January 27, 2015.

6. By February 20, 2015, the parties shall also:

a. File a proposed joint pretrial order, which shall include:

    (1) a recitation that the pleadings are amended to conform to the pretrial order and that the pretrial order supplants the pleadings;

    (2) a short summary of the plaintiffs' theory (no more than one page);

    (3) a short summary of the defendants' theories (no more than one page each);

    (4) a succinct statement of the relief sought;

    (5) a statement of the issues, including a designation of which issues are for the jury and which issues are for the Court;

    (6) Any special trial procedural issues;

    (7) A summary of any anticipated evidentiary issues;

    (8) A statement that counsel have complied with Rule 26(e) of the Federal Rules of Civil Procedure; and

    (9) The estimated length of the trial.

b. File pretrial briefs, including:

    (1) a concise statement of the facts;

    (2) a concise statement of the issues;

    (3) a statement of the propositions of law upon which counsel relies, together with citations of authorities in support thereof;

(4) those evidentiary rulings counsel anticipates may arise and the legal authorities upon which counsel relies in support of his or her contentions; and

(5) what damages are recoverable and, where applicable, a proposed method of reducing future damages to present value.

c. File any deposition transcripts that the parties expect to use at trial;

d. Serve and file their respective final lists of witnesses and exhibits;

e. File a listing of all agreed stipulations;[2] and

f. File proposed jury instructions, any special interrogatories, and any special verdict forms.[3]

The parties shall premark all exhibits and comply with Local Rule 39.01(c)(4).

The Clerk is directed to forward the file in this case to the Honorable John T. Nixon for his consideration of the following fully briefed motions: (1) the plaintiffs' motion to exclude expert testimony of Dr. Timothy C. Hain (Docket Entry No. 125); (2) the plaintiffs' motion to exclude all experts identified by Dr. Faith and Sumner Medical Group (Docket Entry No. 127); (3) the plaintiffs' motion to appoint expert (Docket Entry No. 130); (4) the plaintiffs' motion to exclude any testimony of Dr. Randolph Richards as to other possible causes (Docket Entry No. 133); (5) the plaintiffs' motion to exclude any testimony of Dr. Timothy C. Hain as to other possible causes (Docket Entry No. 135); (6) the plaintiffs' motion to exclude any testimony of Dr. Ban Allos as to other possible causes (Docket Entry No. 139); (7) the plaintiffs' motion to exclude orthopedic experts (Docket Entry No. 143); (8) the plaintiff's motion to exclude infectious experts (Docket Entry No. 146);

---

[2] Counsel shall attempt in good faith to stipulate to the authenticity of exhibits, and shall stipulate to any matters as to which there is no genuine issue or to which counsel does not intend to object. Objections to authenticity of exhibits and any proposed stipulation to which another party objects will be addressed at the pretrial conference. Objections as to admissibility and relevancy may be reserved until the time of trial or addressed in the context of motions in limine.

[3] Counsel shall confer and jointly prepare and file a set of agreed, proposed instructions and verdict forms. Each proposed jury instruction shall begin on a new page and shall include citations to supporting authorities. The parties may separately file any disputed jury instructions or verdict forms.

(9) the plaintiffs' motion to exclude junk science opinions of the defendants' experts (Docket Entry No. 149); (10) the plaintiffs' motion to exclude the supplemental expert witness disclosures of Dr. Gautsch and Southern Sports Medicine Institute and to exclude the opinions of experts Cleveland, Hodrick and Peak (Docket Entry No. 162); and (11) the motion for partial summary judgment filed by defendants Gautsch and Southern Sports Medicine Institute (Docket Entry No. 198).

It is so ORDERED.

*[signature: Juliet Griffin]*

JULIET GRIFFIN
United States Magistrate Judge